UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESTLEY JOHNSON,

        Plaintiff,

                                    Case No. 14-cv-14171
                                    Honorable Gershwin A. Drain
v.

ZINA JOHNSON,
ERIC JOHNSON,

        Defendants.
_____/

**ORDER EXTENDING ZINA JOHNSON'S
DATE TO RESPOND TO COMPLAINT**

On October 29, 2014, Plaintiff, an inmate, filed a *pro se* Complaint and Application to Proceed Without Prepayment of Fees pursuant to Chapter 18 Section 2255(a) of the United States Code. *See* Dkt. No. 1. In the Complaint, Plaintiff alleged that he was taken from Michigan to Ohio and sexually abused by Zina and Eric Johnson (collectively "Defendants"). *Id.* On November 13, 2014, the Court granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed the United States Marshal's Service to serve Defendants. *See* Dkt. No. 3. On November 25, 2014 Eric Johnson filed an Answer to the Complaint on his own behalf. *See* Dkt. No. 5. Additionally, Eric Johnson asserted that the Answer was filed on behalf of Zina Johnson, and that he would be representing her in this matter. *Id.*

In federal court, a party may represent himself or be represented by an attorney, but ***cannot*** be represented by a non-lawyer. *See* 28 U.S.C. § 1654 (stating that, in federal court, parties must either conduct their own cases personally or through counsel); *see also Shepherd v. Wellman,* 313 F.3d 963, 970 (6th Cir.2002) ("[Section 1654] does not permit plaintiffs to appear

-1-

*pro se* where interests other than their own are at stake") (citing *Iannaccone v. Law,* 142 F.3d 553, 558 (2nd Cir.1998) ("[B]ecause *pro se* means to appear for one's self a person may not appear on another person's behalf in the other's cause.")); *Eagle Associates v. Bank of Montreal,* 926 F.2d 1305, 1308 (2nd Cir.1991) ("[Section 1654] does not allow for unlicensed laymen to represent anyone else other than themselves.") (citing additional authority); *Jackson v. Comm'r of Soc. Sec.*, No. 12-cv-13679, 2013 WL 2338716, at *2 (E.D. Mich. May 29, 2013) (declining to consider Plaintiff's motion for summary judgment because it was filed by Plaintiff's mother, a non-attorney).

Thus, Eric Johnson is ***not*** permitted to represent Zina Johnson in this matter. The Court acknowledges Eric Johnson's Answer, but notes that Zina Johnson is required to file her own response to the Complaint through counsel or on her own behalf. The Court also notes that, because Defendants were served on November 11, 2014, the original date for responding to the Complaint has now passed. *See* Dkt. No. 4 (acknowledging receipt of service on November 11, 2014); Fed. R. Civ. Pro. 12(a)(1)(A)(i) (dictating that a defendant must serve an answer within 21 days after being served with the summons and complaint). Accordingly, in light of the confusion created by the initial Answer, IT IS HEREBY ORDERED that the date by which Zina Johnson must answer, move, or otherwise respond to Plaintiff's Complaint shall be, and is, extended until December 19, 2014.[1]

SO ORDERED.

Dated: December 9, 2014

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge

---

[1] Should the Court receive no response, a Default Judgment may be entered against Defendant Zina Johnson pursuant to the Federal Rules. *See* Fed. R. Civ. P. 55(a).